UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROTECT OUR DEFENDERS and CONNECTICUT VETERANS LEGAL CENTER, | : : : : | No. 3:17-cv-2073 (VLB) |
| Plaintiffs, | : : | |
| v. | : : | AUGUST 7, 2019 |
| DEPARTMENT OF DEFENSE and DEPARTMENT OF HOMELAND SECURITY, | : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

Unable to point to a change in the law to justify its motion for reconsideration, the Government claims that it has suffered injustice in this case. In reality, however, this Court simply disagreed with the Government's interpretation of the relevant caselaw. The Government also claims to have discovered new evidence. It has not. For these reasons, and because this Court should not revisit its decision as to *in camera* review of the Talking Paper, Plaintiffs Protect Our Defenders and Connecticut Veterans Legal Center respectfully request that this Court, without oral argument, deny the Government's motion to reconsider the Memorandum of Decision Granting in Part and Denying in Part Defendant's Motion for Summary Judgment ("Order") (Dkt. 52).

I. STANDARD OF REVIEW

A motion for reconsideration should be denied when the moving party merely seeks to relitigate an issue which has already been decided. *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). There are only three grounds on which a motion for reconsideration may be granted: (1) an intervening change in the controlling law; (2) the availability of newly discovered evidence; or (3) a need to correct a clear error or avoid manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) ("*Kolel*").

Here, there has been no change in the controlling law, and the Government does not argue otherwise. As for the second ground for reconsideration, evidence is only "newly discovered" if the moving party demonstrates that it could not have been discovered earlier through the exercise of due diligence. *See United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) ("*Potamkin Cadillac*"); *see also Patterson v. Bannish*, No. 3:10-CV-1481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (applying standard); *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) (same). Last, to establish clear error or manifest injustice, the moving party must demonstrate that the court overlooked controlling law or facts put before it on the underlying motion. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). To do so, a moving party may not simply "plug gaps in an original argument or . . . argue in the alternative once a decision has already been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) (internal quotation marks omitted).

II. **THIS COURT SHOULD DENY THE GOVERNMENT'S MOTION FOR RECONSIDERATION AS TO EXEMPTION 6 BECAUSE IT MERELY SEEKS TO RELITIGATE ISSUES ALREADY DECIDED**

This Court denied summary judgment as to the Exemption 6 redactions of employee and Working Group names after a thorough consideration of the

applicable law, *Vaughn* indices, and declarations submitted by the Government. Order at 28–43. The Government now seeks reconsideration of the "similar files" threshold test because it is unsatisfied with this Court's reasoning and wishes to relitigate arguments and caselaw which have already been canvassed. This is not an appropriate basis for reconsideration.

### A. The Government Cannot Use a Motion for Reconsideration to Plug Gaps in its Arguments as to the Exemption 6 Redactions

The Government is not entitled to a re-argument merely because this Court based its decision in part on a statutory section not previously cited by the parties. The issue—whether Exemption 6, including the "similar files" provision, applied—was squarely before this Court and its decision was therefore proper.

When reviewing a motion for summary judgement under the Freedom of Information Act ("FOIA"), this Court is required to conduct a *de novo* review of the record and satisfy itself that the agency has met its express burden of demonstrating that the records are exempt from disclosure. 5 U.S.C. § 552(a)(4)(B) (2016); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). "Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be conceded for want of opposition. The burden is always on the movant to demonstrate why summary judgment is warranted." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (internal quotation marks omitted). This is no less true in the FOIA context. *See Tokar v. Dep't of Justice*, 304 F. Supp. 3d 81, 94 n.3 (D.D.C. 2018). Indeed, the Government concedes that this Court must "satisfy itself that Exemption 6's requirements are met." Mem. Supp. Defs.' Mot. Reconsideration ("Reconsideration Memo.") (Dkt. 54-1) at 7.

3

Here, as the Government acknowledges, the threshold test was first raised by the Government itself in its opening memorandum in support of summary judgment. Reconsideration Memo. at 7; *see* Mem. Supp. Defs.' Mot. Summ. J. ("Opening Memo.") (Dkt. 37-1) at 20–22, 29–32. Having raised the "similar files" issue and asserted entitlement to judgment on this issue, the Government cannot now use a motion for reconsideration as a vehicle to reargue the matter because it "does not like the way the original motion was resolved." *See Pierce v. Lee*, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010). A motion for reconsideration is simply "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Cope v. Wal-Mart Stores E., LP*, No. 3:15-CV-01523 (CSH), 2017 WL 4542045, at *1 (D. Conn. Oct. 11, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, LP*, 684 F.3d 36, 52 (2d Cir. 2012)) (internal quotation marks omitted).

The Government not only attempts to relitigate old issues—its motion largely relies on cases it has already cited, including *Vietnam Veterans of Am. Conn. Greater Hartford Chapter 120 v. Dep't of Homeland Sec.*, 8 F. Supp. 3d 188 (D. Conn. 2014) ("*VVA Chapter 120*"), *Long v. Office of Pers. Mgmt.*, 692 F.3d 185 (2d Cir. 2012), and *Dep't of State v. Washington Post Co.*, 456 U.S. 595 (1982) (*"Washington Post"*). *See* Opening Memo. at 12, 21–22, 27. That this Court read those cases and came to a different conclusion than the Government does not warrant reconsideration. The primary additional case which the Government explores in its request for reconsideration, *N.Y. Times Co. v. NASA*, 920 F.2d 1002 (D.C. Cir. 1990)

4

(*en banc*) ("*N.Y. Times*"), is nearly thirty years old and out-of-circuit—hardly an intervening change in the law.

### B. The Additional Caselaw Briefed by the Defendants Does Not Support Reconsideration of Summary Judgment

Even if this Court were to consider the Government's new arguments, reconsideration should be denied because the caselaw is inapposite. In *VVA Chapter 120*, then-Chief Judge Thompson upheld redaction of the names, contact information, and other identifying information of low-level Department of Defense employees from a variety of documents which included sample separation packets. Reconsideration Memo. at 8. As this Court recognized, however, the *VVA Chapter 120* Court performed only the interest-balancing test and did not substantively analyze the "similar files" threshold requirement. Order at 34 n.14. There is no reason for this Court to allow the Government to relitigate either the application of a case which this Court has already considered or that case's relevance to the "similar files" question this Court has already analyzed. See *Shrader*, 70 F.3d at 257.

*N.Y. Times* also does not help Defendants. The records in question in this case bear no resemblance to the records at issue in that case. There, a divided court of appeals held that the audio recordings of the late *Challenger* astronauts in their dying moments, and in particular the inflection in their voices that expressed their final thoughts and feelings, met the threshold of "similar files" under Exemption 6. 920 F.2d at 1009–10. The *N.Y. Times* Court relied on an expansive interpretation of the Supreme Court's *Washington Post* precedent to conclude that

5

the "horror in the voices" of dying astronauts, *id.* at 1006, constituted information that "applies to a particular individual," *Washington Post*, 456 U.S. at 602.

However, the Government's proposed application of *N.Y. Times* to every appearance of any federal employee's name in any type of file is simply a renewed request that this Court adopt a broad reading of *Washington Post* which this Court properly rejected. *See* Order at 34–35. As this Court has already concluded, it is not the case that *Washington Post* (or, for that matter, *N.Y. Times*) establishes a blanket rule that any mention of a federal employee's name qualifies a record as a "similar file." *Id.*; *see also Nat'l Day Laborer Org. Network v. Immigration & Customs Enf't Agency*, 811 F. Supp. 2d 713, 746 (S.D.N.Y. 2011). Such an aggressive interpretation would—as the Government recognizes, Reconsideration Memo. at 11–12—bring every mention of a federal employee's name across the "similar files" threshold and thereby render the inquiry meaningless. That interpretation is not the law in the Second Circuit. *See Nat'l Day Laborer Org. Network*, 811 F. Supp. 2d at 745. And this Court has already rightly rejected the interpretation on the basis of *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168 (2d Cir. 2014) and *Wood v. FBI*, 432 F.3d 78 (2d Cir. 2005). Order at 33–36.

In short, the Government is seeking to relitigate the "similar files" threshold test by reference to existing caselaw, the reasoning of which Court has already considered and rejected. It should not be permitted to do so.

### C. Section 552(A)(2)(E) Did Not Form the Basis for the Court's Decision and is Not Relevant

In its order, this Court observed that 5 U.S.C. § 552(a)(2)(E) could potentially provide an alternative basis for the redaction of identifying details in the records in

question, without taking a position on the matter. Order at 37–38. Even though the records were not covered by § 552(a)(2)(E), the motion for reconsideration is unavailing. The Government errs when it states that this Court "discounted" the exemptions set out in § 552(b)(6). Reconsideration Memo. at 6. This Court thoroughly discussed Exemption 6 and subsequently concluded that the Government "failed to satisfy the threshold requirement" for redactions under that exemption. Order at 28–38. A party's groundless belief that a court "discounted" its arguments does not warrant the grant of a motion for reconsideration. Like any litigant, the Government is not entitled to reconsideration merely because it "does not like the way the original motion was resolved," *Pierce*, 2010 WL 4683911, at *1.

### III. THE GOVERNMENT'S BID TO RE-OPEN FACT-FINDING AS TO THE EXEMPTION 5 REDACTION SHOULD NOT BE ENTERTAINED

This Court denied summary judgment to the Government as to the Talking Paper documenting the Working Group's findings and recommendations. Order at 26. Underlying that decision was this Court's determination that the "concrete deliberative decision-making process the Working Group and its Talking Paper were a part of [was] somewhat of a mystery" due to the Government's failure to provide "sufficient information." Order at 25–26. The Government's bid to disturb that conclusion is improper for three reasons. *First*, it belatedly seeks to bring before this Court evidence that it should have proffered long ago. *Second*, it attempts to impeach this Court's attentiveness to the factual record. *Third*, the question of *in camera* review should not be re-opened at this late date.

### A. The Government May Not Supplement its "Admittedly-Confusing Verbiage" with Information That it Has Long Known

Its motion for summary judgment having been briefed and decided, the Government now wants a mulligan because its prior declarations "were not a model of clarity." Reconsideration Memo. at 12. The Government seeks to "clarify" the "admittedly-confusing verbiage" which it put before this Court, *id.* at 13, and which this Court (and the Plaintiffs) spent considerable time reviewing. But the Government is not entitled to do so. "A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion." *Constr. Indus. Services v. Hanover Ins. Co.*, 206 F.R.D. 43, 54 (E.D.N.Y. 2002).

Neither the facts to which the Government refers nor the new declaration by Rita Sono that it proffers, *see* Reconsideration Memo. 13–17, constitutes "new evidence" of the kind that warrants reconsideration. *See Kolel*, 729 F.3d at 104, 108. Evidence that is not "truly newly discovered or could not have been found by due diligence," such as that contained in a last-minute declaration, "cannot be considered new evidence." *Space Hunters, Inc. v. United States*, 500 Fed. App'x. 76, 81 (2d Cir. 2012) (quoting *Potamkin Cadillac*, 697 F.2d at 493) (internal quotation marks omitted). This is especially true when "all of this information has been available [to the Government] throughout this litigation," *see Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 456 (S.D.N.Y. 2014), giving it "ample opportunity to clarify the issues [now] raise[d] in [its] reconsideration motion," *see Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 553 F. Supp. 2d 348, 351 (S.D.N.Y. 2008). This reflects the principle that "reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such

8

a motion to . . . adduce new evidence in response to the court's rulings." *Flynn*, 303 F.R.D. at 456. (internal quotation marks omitted).

In any event, Ms. Sono's new declaration does not even purport to demonstrate that the Talking Paper was officially briefed to senior Air Force officials. *See* Reconsideration Memo. at 14 n.4. It simply draws attention to "a previously-unknown ambiguity." *Id.* That is, it attempts to cast doubt on, but not refute, the previously-stated facts on which this Court reasonably relied. This Court should not allow a party seeking reconsideration to rest its heavy burden on such a thin reed.

### B. The Government's Claim That This Court Did Not Properly Consider the Facts is Baseless

In its attempt to impeach the manner in which this Court discerned the facts of this matter amid the "verbiage" put forward, the Government begins with the gratuitous observation that "[i]n the military context, ordinary words have different meanings than in civilian life." Reconsideration Memo. at 13. More substantively, the Government alleges that this Court did not consider—or "overlooked"—"facts recited [in] the Talking Paper" which were available to it. *Id* at 15 n.5, 18.

The Government's claim that this Court did not consider the contents of the Talking Paper is baseless. It is well established that a judge "nee[d] not recite all of the evidence" in the record. *United States v. Williams*, 733 F.3d 448, 457 (2d Cir. 2013); *see also Ming Shi Xue v. BIA*, 439 F.3d 111, 124 n.15 (2d Cir. 2006) (a judge "need not engage in robotic incantations") (internal quotation marks omitted). The law presumes that the judge "reviewed the factual record before [the court]." *Williams*, 733 F.3d at 457; *see also United States v. Gale*, 468 F.3d 929, 941 (6th Cir.

9

2006) ("without some affirmative indication in the record to the contrary . . . we presume that a district court has reviewed the evidence provided to it" (citation omitted)); *Parker v. Dugger*, 498 U.S. 308, 314 (1991); *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986). Moreover, this Court did in fact explicitly refer to the contents of the Talking Paper. Order at 24–25. The Government's attempt to suggest that this Court overlooked important facts should not be countenanced.

    C.  <u>The Decision as to *In Camera* Review Should Not Be Re-Opened</u>

The Government implies that this Court misstepped by "not . . . conduct[ing] an *in camera* review" of the Talking Paper. Reconsideration Memo. at 17. But it has not requested that "*in camera* review [be] reconsidered in a different light," *Kerr v. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 404 (1976), and provides no basis for its "invi[tation]," Reconsideration Memo. at 17, beyond that set out by Plaintiffs seven months ago. Pls.' Sur-Reply Opp. Defs.' Mot. Summ J. (Dkt. 50) at 10. In other words, the Government is seeking nothing more than the second bite at the apple forbidden by the jurisprudence on motions for reconsideration in this Circuit. *See Cope*, 2017 WL 4542045, at \*1.

This course of action is particularly inappropriate given that judicial economy is a factor in determining whether to conduct *in camera* review. *Allen v. CIA*, 636 F.2d 1287, 1298 (D.C. Cir. 1980), *overruled on other grounds by Founding Church of Scientology v. Smith*, 721 F.2d 828 (D.C. Cir. 1983)). Judicial economy— which, alongside the other *Allen* factors, is a significant consideration in the Second Circuit, *Donovan v. FBI*, 806 F.2d 55, 59 (2d Cir. 1986), *abrogated on other grounds by Dep't of Justice v. Landano*, 508 U.S. 165 (1993)—counsels against

reconsidering whether to inspect a document *in camera*, particularly when the moving party adds nothing to the initial request. Otherwise, the prospect of *in camera* review—which is not intended to create "herculean labors" for district courts, *see Allen*, 636 F.2d at 1298—could give rise to "hydra-headed" litigation in which parties react to the denial of such review by seeking reconsideration, *see Schwartz v. Eaton*, 264 F.2d 195, 196 n.2 (2d Cir. 1959) (Clark, C.J.) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943) (Swan, J.)).

## CONCLUSION

"[R]econsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859(JPO), 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (quoting *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). The Government has failed to justify recourse to such strong medicine and its motion should accordingly be denied.

| | |
|---|---|
| **Dated: August 7, 2019** <br> **New Haven, Conn.** | **By: /s/ Michael J. Wishnie** <br> **Sebastian Bates, Law Student Intern*** <br> **Matthew D. Handley, Law Student Intern*** <br> **Renée A. Burbank (ct30669), Supervising Attorney** <br> **Michael J. Wishnie (ct27221), Supervising Attorney** <br> **Veterans Legal Services Clinic** <br> **Jerome N. Frank Legal Services Organization** <br> **P.O. Box 209090** <br> **New Haven, CT 06520-9090** <br> **Tel: (203) 432-4800** <br> **Fax: (203) 432-1426** <br> **Email: michael.wishnie@ylsclinics.org** <br><br> *Counsel for Plaintiffs* <br><br> ***  Motion for law student appearance forthcoming.** |

11

## CERTIFICATION

I hereby certify that on August 7, 2019, a copy of the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> By: **/s/ Michael J. Wishnie**
> Michael J. Wishnie (ct27221), Supervising Attorney
> Veterans Legal Services Clinic
> Jerome N. Frank Legal Services Organization
> P.O. Box 209090
> New Haven, CT 06520-9090
> Tel: (203) 432-4800
> Fax: (203) 432-1426
> Email: michael.wishnie@ylsclinics.org