UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PROTECT OUR DEFENDERS, et al.,** | : | |
| *Plaintiffs*, | : | No. 3:17-cv-2073 (VLB) |
| v. | : | |
| **DEPARTMENT OF DEFENSE, et al.** | : | DECEMBER 9, 2019 |
| *Defendants*. | : | |

**MOTION FOR EXTENSION OF TIME, NUNC PRO TUNC, TO PRODUCE RECORDS**

Pursuant to Fed. R. Civ. P. 6(b) and D. Conn. L. Civ. R. 7(b)(1), defendant Department of Defense ("DOD") respectfully requests that the Court enter an order extending by sixty days the deadline to produce responsive, non-exempt records with regard to certain items of plaintiffs' FOIA requests, as detailed below. Defendant files this motion *nunc pro tunc* due to (1) defense counsel's inability to connect with the responsible staff person at the agency Air Force, due to a change in agency personnel, which has prevented counsel from receiving an update on the status of the search and production efforts, and (2) the fact that plaintiffs and defendants have been actively negotiating another component of the case, which became defendant's focus with respect to this matter.

The current production deadline was November 30, 2019, based on the Court's order (doc. #60). This motion is the second extension of time requested by DOD regarding this deadline. The extension will not affect any other deadline presently scheduled. Earlier today defendant sent an e-mail to plaintiffs' counsel and placed a phone call, leaving a voicemail, requesting to know plaintiffs' position, and has not yet received a reply; defendant is nevertheless filing this

motion without knowledge of plaintiffs' position due to the *nunc pro tunc* nature of the request and defendant's desire to file the request as soon as possible after the deadline.   D. Conn. L. Civ. R. 7(b)(2).

This request pertains to only one category of records addressed by the parties' joint status report. Doc. #55. Defendant has already produced items to satisfy plaintiff's request for redacted staff judge advocate biographies. This request for an extension relates to records responsive to plaintiffs' Second Request, Item #7 (records relating to the "race and discipline working group").

Pursuant to D. Conn. L. Civ. R. 7(b)(1), motions for time will be granted for good cause. Good cause exists to grant this motion. Defendant requests an additional sixty days in order to thoroughly utilize the search terms discussed in the Court's Memorandum of Decision Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (doc. # 52), in connection with the Air Force's "race and discipline working group." Since the parties' joint status report, the defendant has been working with the subject agency to determine what data fields are available, to whom, in order to conduct searches. Information that came to light in October made clear that some additional work was necessary for the searches.

Pursuant to D. Conn. L. Civ. R. 7(b)(3), requests for time must be filed at least three days before the subject deadline, or require a showing of good cause. Defendant has good cause for filing this request late. In late October, the agency staff person responsible for coordinating the subject search stated that a portion of materials would be ready for production in a matter of weeks, before she left

agency employment. Indeed, on October 28, 2019, in Defendant's first motion for time with respect to this deadline (doc. #59), DOD wrote that "defendant anticipates that some records will be ready for production earlier than the new proposed deadline, and will produce those records on a rolling basis as they are available." In November, defense counsel tried to ascertain the status of those records, but has been unable to do so. Around the same time, plaintiffs' counsel and defense counsel began corresponding regarding a related issue in the case, and defendant has been diligently working to try to resolve that issue. Toward the end of November, and into early December, defense counsel and agency counsel had difficulty connecting due to travel out of state, unexpected sick leave out of office, and the management of other filing deadlines. Also, it only recently became clear that defendant could not comply with the rolling deadline. Defendant was focused on these communication issues and the resolution of the issue raised by plaintiffs' counsel, and only today caught the error that the deadline had already passed, but did not intentionally violate the production deadline and respectfully apologizes for having done so. Defendant has requested an extension at the first practicable opportunity, and will remain diligent with respect to future deadlines.

For the reasons articulated above, defendant respectfully requests an extension of 60 days from today, until February 7, 2020, to complete production of the outstanding records addressed in the parties July 30, 2019 status report.

        **Respectfully submitted,**

        **JOHN H. DURHAM**
        **United States Attorney**

        ***/s/ Natalie N. Elicker***
        **Natalie N. Elicker, ct28458**
        **Assistant United States Attorney**
        **157 Church Street**
        **New Haven, CT 06510**
        **Telephone: (203) 821-3700**
        **Fax: (203) 773-5373**
        **Email: Natalie.Elicker@usdoj.gov**