UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PROTECT OUR DEFENDERS, et al., :
:
    *Plaintiffs*, :     No. 3:17-cv-2073 (VLB)
:
v. :
:
DEPARTMENT OF DEFENSE, et al. :     MARCH 3, 2020
:
    *Defendants*. :

**MOTION FOR RELIEF FROM PRODUCTION DEADLINE
AND PENALTY OF SANCTIONS, AND FOR PERMISSION
<u>TO COMPLETE ROLLING PRODUCTION OF RECORDS WITHIN 2 WEEKS</u>**

The Department of Defense ("DoD")[1] respectfully requests limited relief from the Court's Order (ECF No. 68) (the "Order"), entered Friday, February 28, 2020, at 5:35 pm. Admittedly, the Government erred in failing to begin the process of lifting the redactions after the Court's initial ruling with respect to the FOIA exemptions. Further, two of the agency components mistakenly did not retain or seek to obtain an unredacted version of their productions. Given this situation, DoD respectfully requests a limited period of relief in order to comply with the Court's order.

On Monday, March 2, 2020, the first business day following the Court's ruling, and in compliance with the Order, DoD produced an unredacted version of the Air Force Diversity Task Force "Talking Paper." This was one of two records subject to the Order for which defense counsel had a "clean" copy in her

---

[1] **Co-defendant, Department of Homeland Security ("DHS"), has completed its production of records subject to the Order.**

possession.  This record was subject to DoD's Exemption 5 and 6 claims.  No other Exemption 5 claims were at issue in the Order.

Compliance with respect to the Exemption 6 records has proven more complicated.  DoD produced over 20,000 pages of records, and for some series of records, Exemption 6 claims over employee names appeared throughout.  ECF No. 37-4 (stipulated production list).  Defense counsel's practice generally is to not require agency counsel provide to defense counsel unredacted copies of Exemption 6 records for the following reasons.  The specific content of the Exemption 6 redaction generally does not impact the agency's claim.  If an agency states that a person is an O-6 rank or below, defense counsel does not independently review the person's name.  For Exemption 5 claims, in contrast, defense counsel has asked the agency to provide "clean," unredacted materials to counsel, because defense counsel must review the merits of the contested Exemption 5 claim before presenting it to the Court.  But counsel does not require the agency to provide a clean copy of records with names available for review.  Therefore, defense counsel must turn to the agencies to produce these records showing employee names.

Defense counsel alerted DoD to the Court's ruling on Saturday, February 29, 2020.  Defense counsel connected with DoD and DHS counsel only on Monday, March 2.  Also that day, defense counsel connected with agency counsel for each of the services.  Each of the services produced records to plaintiffs in 2017-2018, and for each of the four services, there is a new agency counsel handling the case.  In one instance, prior agency counsel has left military employment.  As of Monday

afternoon, March 2, each of the four agency counsel was reviewing records in their possession (as identified and organized by their predecessor counsel) and was seeking any records not in their possession. This process has continued today, Tuesday, March 4.

As of the filing of this motion, at approximately 4:45 p.m., the status of each of the agencies is as follows:

### Air Force

In support of DoD's request for time, Air Force submits the declaration of Lt Col Brent Osgood. Ex. A, B. Osgood Decl., Mar. 3, 2020. Air Force produced approximately 100 pages of records in response to the First, Second, and Third Requests.[2] ECF No. 37-4 (Stipulated production list). Air Force made a partial production yesterday, March 2, of eleven pages. Air Force made an additional production at 3:45 p.m. today. Despite diligent efforts, Air Force counsel has been unable to locate clean copies of three records at issue. Air Force respectfully requests two additional weeks to locate these records, which will be produced promptly after they are located. If the Court desires, DoD is willing to file interim status reports detailing Air Force's progress.

### Army

Army counsel was out on medical leave for a portion of March 2. Army produced over 19,000 pages in response the First and Third Requests. ECF No. 37-

---

[2] The Order covers records that Air Force produced in response to all three requests, that Army and Navy/Marine Corps produced in response to the First and Third requests, and that Coast Guard produced in response to the First request (Coast Guard did not receive the Third request).

4. Army has successfully located all of these records and reviewed them. Although some of the Exemption 6 redactions relate to employee names (and are subject to the Order), many relate to the names of third parties (*e.g.*, applicants to the Army Board for Correction of Military Records, counsel for applicants, etc.). Lifting the Army's Exemption 6 redactions therefore must be done with care. As of 4:30 p.m. today, Army counsel had completed review and re-marking of the records. Unfortunately, Army's attempts to finalize the redactions in the 19,000+ page document have run into technical difficulties with Adobe, the computer program used to create redactions. As of the filing of this motion, defense counsel and agency counsel are actively working to resolve this problem and hope to complete the production to plaintiffs as soon as possible.

<u>Navy</u>

In support of DoD's request for time, Navy submits the declaration of Lt Alyssa Williams. Ex. B, A. Williams Decl., Mar. 3, 2020. Navy has identified that it produced 344 pages in response to the First Request.[3] These records are applications and supporting materials provided to the BCNR by third-party applicants. Many Exemption 6 redactions were taken to applicant names; these are not subject to the Order. Some Exemption 6 redactions were taken to employee names, including staff at the BCNR. These redactions must be lifted and the records produced to plaintiffs. Unfortunately, the current agency counsel only has

---

[3] The Navy did not make any Exemption 6 claims in the records it produced in response to the Third Request, dated August 23, 2017. Navy *Vaughn*, ECF No. 37-27.

in her possession a redacted copy of the 344 pages. Navy litigation counsel's typical practice, for any redactions that are contested during the administrative FOIA proceedings, is to require the agency component which gathered the records (here, BCNR) to provide both a "clean" and a redacted version to agency counsel. That practice was not followed here because, according to the Navy's records, plaintiffs did not challenge Navy's Exemption 6 redactions during the administrative process. Therefore, no agency counsel has ever had a "clean" copy at their disposal. Additionally, as noted above, the Government erred in failing to obtain an unredacted version of the production after the Court's initial ruling.

There are two options for obtaining an unredacted copy of the relevant records, from which agency counsel can produce the records subject to the Order. 1) BCNR staff may have the clean copy. The relevant staff person is out of the office today, March 3, but is expected to return tomorrow, March 4, and will check her files promptly upon her return. 2) BCNR staff could re-collect the responsive records. The quickest of these options, if it fruitful, will require 1-2 weeks' time. If the faster options are not fruitful, the Navy will require additional time to comply.

Therefore, Navy respectfully requests two additional weeks for this production. If the Court desires, DoD is willing to file interim status reports detailing Navy's progress.

### Coast Guard

Coast Guard produced approximately 264 pages. ECF No. 37-4. Coast Guard completed production subject to the Court's Order earlier today.

With respect to the remaining issues in the case, the parties continue to confer. Defendant DoD asks the Court's leave to submit a joint proposed scheduling order, addressing any outstanding issues, by 2 weeks after the agencies' production is complete.

Plaintiffs take no position with respect to this request.

Respectfully submitted,

JOHN H. DURHAM
United States Attorney

*/s/ Natalie N. Elicker*
Natalie N. Elicker, ct28458
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Natalie.Elicker@usdoj.gov